HUDSON COUNTY COURT OF COMMON PLEAS.

STELLA HART, PETITIONER, v. CENTRAL RAILROAD
COMPANY OF NEW JERSEY, RESPONDENT.

For the petitioner, *Hershenstein & Finnerty* (*Charles Hershenstein*, of counsel).

For the respondent, *William A. Barkalow* (*Raymond Dawson*, of counsel).

EGAN, J. Stella Hart, as widow of Stanley Hart, filed a petition for compensation on behalf of herself and her four infant children with the workmen's compensation bureau of the New Jersey department of labor under the provisions of the Workmen's Compensation act of 1911 and the amendments thereto and supplements thereof. The claim was contested by the respondent who filed an answer. Hearings were had before Honorable Charles E. Corbin, the deputy commissioner of labor, who awarded compensation to the widow totalling the sum of $13,018.17. From this judgment the defendant appealed to this court, which filed an opinion affirming the judgment of the workmen's compensation bureau. From the judgment of this court, the respondent procured a writ of *certiorari* to the New Jersey Supreme Court, which affirmed the judgment of this court and remitted the record to this court.

The respondent then appealed from the judgment of the Supreme Court to the New Jersey Court of Errors and Appeals, which affirmed the judgment of the Supreme Court and by *remittitur*, dated October 20th, 1930, the Court of

Errors and Appeals directed that the record be remitted to the Supreme Court and that the Supreme Court remit the record to this court to be proceeded with according to law and practice of this court. Pursuant to this direction, by *remittitur*, dated November 17th, 1930, the Supreme Court remitted the record to this court to be proceeded with according to law and practice of this court.

Application for counsel fee was made before the Court of Errors and Appeals before the remission of the record to this court. That court, however, declined to consider the application, and, instead, remitted the record as above outlined. Counsel for the petitioner now makes application to this court for a counsel fee for the successful conduct of their cause before the Court of Errors and Appeals.

The respondent questions the power of this court to award counsel fees accordingly and protests any allowance. There seems to be no case directly in point. Counsel have submitted none and I have been unable to find one.

In my opinion, there is no doubt but that this court has the power to award counsel fees on an application such as this. I think the situation is somewhat similar to the power of the Court of Chancery, or the Prerogative Court, to award counsel fees to successful litigants for services rendered in the Court of Errors and Appeals. For a proper understanding of the situation, I believe it is necessary to refer to the various provisions of the Workmen's Compensation act, and, also, to duly observe some of the decisions of the higher courts applying to that act.

In the case of *Scalise* v. *Uvalde Asphalt Paving Co.,* 98 *N. J. L.* 696, the Supreme Court said that the legislature made a radical change in the procedure relating to claims for compensation in accident cases by the employe against the employer where the contract of employment falls within the provisions of the Workmen's Compensation act. Mr. Justice Kalisch, writing the opinion for the Supreme Court, so .declared. In the case of *Crew* v. *Trainor,* 91 *Id.* 87; *affirmed,* 92 *Id.* 512, and in *Levitan Embroidery Works* v. *Lamatina,* 95 *Id.* 68, it was determined that the Workmen's Compensa-

tion act did not impair any contract or create a new remedy, but it only prescribed a new method of procedure in workmen's compensation cases.

The Workmen's Compensation act expressly provides that, in the first instance, the official conducting any hearing before the workmen's compensation bureau may, in his discretion, allow to the party in whose favor judgment is entered, a reasonable counsel fee, not exceeding twenty per cent. of the judgment, with the proviso, that when prior to any hearing compensation has been offered or paid, the reasonable allowance for attorney fee shall be based upon only that part of the judgment or award in excess of the amount of compensation theretofore offered or paid. (Section 17, chapter 149 of the laws of 1918, as amended by chapter 224 of the laws of 1928, page 399.)

Chapter 149 of the laws of 1918 provides for the method of appeal from a determination of the workmen's compensation bureau to the Court of Common Pleas, and section 20 thereof provides as follows:

"The said Court of Common Pleas may, in its discretion, allow a reasonable attorney fee to the party prevailing in the trial of such appeal, which fee may be taxed in the costs and recovered against the unsuccessful party."

It is to be noted that the only difference in the allowance of fees in the workmen's compensation bureau and in the Common Pleas Court is that upon the former there is the limitation of twenty per cent. of the amount to be awarded, while no such restriction applies to an allowance of counsel fee in this court.

In my opinion it was clearly the intention of the legislature that counsel fee should be awarded to the successful party as against the respondent, because section 21E of the original compensation act, chapter 95 of the laws of 1911 (*Cum. Supp. Comp. Stat.* 1911-1924, §§ 236-24, *p.* 3882), makes it unlawful for any attorney to ask for, contract for, or receive any larger sums than the amount awarded. The section reads as follows:

"When any proceedings have been taken under the pro-

visions of paragraph 20 or paragraph 21 of this act, the workmen's compensation bureau or the judge of the Court of Common Pleas shall, as a part of its or his determination and order, either for payment or for commutation of payment, settle and determine the amount of compensation to be paid by the injured employe or his dependents, on behalf of whom such proceedings are instituted, to his legal adviser or advisers, and it shall be unlawful for any lawyer, or other person acting in that behalf, to ask for, contract for, or receive any larger sum than the amount so fixed; and in order determining weekly payments where no commutation is made, the bureau or the said judge shall also determine the amount to be paid per week from the compensation payment on account of the legal fee thus awarded, and it shall be unlawful for the legal adviser, or other person acting in that behalf, to ask for, contract for or receive a larger sum per week than the allowance thus determined."

It is obvious that it was the intention of the legislature that an injured workman or next of kin, in case of death, should receive the sums of money fixed by the act, and that the compensation to the attorney was to be awarded by the compensation bureau and the court alone. These agencies, and no other, control the allowance to counsel. Not only, therefore, did the compensation act change the mode of procedure in the awarding of compensation but it also changed the mode of compensating attorneys for the services rendered. Contracts between the attorney and the injured claimant or his next of kin are outlawed and made unlawful and the only compensation to which an attorney is entitled is that awarded by the court. It certainly would be most unreasonable to expect an attorney to devote his time and talents to a case on appeal and go unrewarded for a successful devotion to duty. The "laborer is worthy of his hire."

The provisions of the Chancery act and the practice of awarding a successful litigant counsel fees are distinctly analogous, with this qualification—that whereas the compensation awarded to an attorney in a compensation action is all inclusive and the attorney may not contract for or re-

ceive any sum greater than that awarded; yet, in a suit in the Court of Chancery, the allowance to counsel does not relieve the client from the payment of a sum to counsel in addition to the sum awarded as counsel fees by the court. Counsel in proceeding in chancery may not only receive an allowance from the court, but he is not barred or prevented from charging his client in addition to any judicial allowance.

Section 91 of the Chancery act (1 *Comp. Stat.*, *p.* 445), provides:

"That in any cause, matter or proceeding in the Court of Chancery, the Chancellor may make such allowance by way of counsel fee to the party or parties obtaining the order or decree as shall seem to him to be reasonable and proper, and shall direct which of the parties shall pay such allowance * * *."

By virtue of this act the Court of Chancery awards not only counsel fees to successful litigants in its court, but may on *remittitur* from the Court of Errors and Appeals award counsel fees for services rendered in the Court of Errors and Appeals. This practice has been well settled in our state.

In *Sobel* v. *Sobel,* 100 *N. J. Eq.* 532, the Court of Errors and Appeals held that the Court of Chancery has jurisdiction to allow counsel fees for services rendered on the appeal, in a case which had been heard by the Court of Errors and Appeals, where the record had been remitted to the Court of Chancery, affirming Vice-Chancellor Bentley, who, in an opinion reported in 99 *N. J. Eq.* 707, allowed counsel fees for services rendered before the Court of Errors and Appeals. See, also, *Weeks* v. *Lister,* 62 *Id.* 813; *Simpson* v. *Klipstein,* 90 *Id.* 197.

While an award made to an attorney in a compensation case is, as hereinbefore indicated, to be considered as full payment to the attorney, an award for counsel fees made in the Court of Chancery is not. In the case of *Strong & Sons* v. *Mundy,* 52 *N. J. Eq.* 833, Mr. Justice Dixon, speaking for the Court of Errors and Appeals, decided that attorneys and solicitors may lawfully charge their clients reasonable fees for services rendered in addition to the fees allowed them by the court.

It is obvious that it was the intention of the legislature in the enactment of the Workmen's Compensation act, and the amendments thereof and supplements thereto, regulating and controlling the award of counsel fees, the amount thereof and the prohibition against other charges for services rendered, that the court should have control and discretionary power to award fees in a proper case. It would be most unreasonable to believe that the legislature intended or expected that attorneys should prosecute cases on behalf of injured workmen before appellate courts without compensation. The statutes are to be reasonably construed and the intention of the legislature should, wherever possible, be given force and effect and this declaration applies to the Workmen's Compensation act. The fact that the legislature expressly made it unlawful for attorneys to ask for, contract for, or receive any larger sum than the amount fixed by the court, indicates clearly that so long as this court has control of the judgment, it may award reasonable counsel fee to the successful attorney. By remission of the record to this court by the Court of Errors and Appeals and the Sureme Court "to be proceeded with according to law, &c.," the judgment and record are now within the control of this court, and in my opinion, there is unquestionably lodged in this court the same power to award counsel fees for the successful prosecution by an attorney of a cause before the Court of Errors and Appeals as there is in the Court of Chancery, or in the Prerogative Court, to allow a counsel fee for like services in a Chancery action before the Court of Errors and Appeals; and this court, in making an allowance, is but following the mandate of the higher courts "to proceed with this case according to law and practice of this court."

The intent and aim of the legislature in the adoption of the various provisions of the Workmen's Compensation act was that the injured workman or his next of kin should receive the sums provided by the provisions of the Workmen's Compensation act without deduction for counsel fees unless the court so awards. In other words, there is vested in the court the power to assess counsel fees as against both the pe-

titioner and the respondent where the court perceives from the record that a doubtful question was involved. On the other hand, where there appears to be no lawful reason why a respondent should withhold or refuse payment of compensation and a petitioner is compelled to resist and oppose appeals to the various courts, it would be just and proper to assess the counsel fees for such appeals as against the unsuccessful appellant. If this court has no power to award counsel fees for services rendered in the appellate courts, then why should it not follow that the provision of section 21E of the Workmen's Compensation act, which prohibits the charge by an attorney as against his client, should be considered as without effect in appeals and the attorney be permitted to ask for, contract for, or receive compensation for his services in such appellate courts? The answer to such a proposition is: It would be contrary to the spirit and intent of the legislature and render useless and ineffective the salutory provisions of this act.

Since I have determined that this court has the power to award a reasonable counsel fee for the successful prosecution of a compensation case before the Court of Errors and Appeals on a *remittitur* to this court, the amount to be awarded is to be fixed, having in mind the amount of the award, the preparation of the cause, the time spent and the result obtained.

The attorneys for the petitioner have submitted and filed with me an affidavit indicating the time actually spent by them in the successful prosecution of the appeal, and I therefore find and award to Messrs. Hershenstein & Finnerty, the attorneys for the petitioner, the sum of one thousand ($1,000) dollars, and I do direct that the said sum be assessed and taxed against and be paid by the respondents.

An order to this effect will be entered.